Charles M. Walker
U.S. Bankruptcy Judge
Dated: 5/22/2020



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | BK Case No. 3:20-bk-00818 |
| Alaisea NMN Matavao, | ) | |
| XXX-XX-0351 | ) | |
| _____ | ) | |
| | ) | |
| SN Servicing Corporation, servicer | ) | |
| for US Bank Trustee National | ) | |
| Association, as trustee of the Tiki | ) | |
| Series III Trust, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Alaisea NMN Matavao, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**AGREED ORDER GRANTING RELIEF FROM AUTOMATIC STAY
AND ABANDONMENT**
_____

The Parties to this contested matter, by their signatures hereinbelow, agree to the Motion for Relief from the Automatic Stay and Abandonment being resolved as to certain real property of the Debtor having an address of 102 Dalewood Drive, Clarksville, TN 37042 ("Affected Collateral"), as follows:

Should the Debtor fail to confirm a proposed plan, SN Servicing Corporation, servicer for US Bank Trustee National Association, as trustee of the Tiki Series III Trust ("Movant") the automatic stay in 11 U.S.C. § 362(a) is terminated with respect to the Affected Collateral shall have immediate relief from the automatic stay, the Affected Collateral abandoned from the bankruptcy estate, and, Fed. R. Bankr. P. 4001(a)(3) will not apply.

Should the Debtor miss a payment under that confirmed plan, Movant, its successors and assigns, shall have immediate relief from the automatic stay, the Affected Collateral abandoned from the bankruptcy estate, and, Fed. R. Bankr. P. 4001(a)(3) will not apply.

Movant may file a Notice of Post-Petition Fees, Expenses, and Charges for the Movant's filing fees and costs for the Motion for Relief from Automatic Stay, for the Response to the Motion to Vacate the Order Granting Relief from Stay, and for the Proof of Claim,

Should this bankruptcy case, 3:20-bk-00818, be dismissed for any reason, or the automatic stay terminated, the Debtor or any of her successors or assigns in the Affected Collateral may not file a bankruptcy petition for 90 days from the date of dismissal of the case or the termination of the automatic stay that includes the Affected Collateral.

In the event there are any surplus funds, or if the sale of the property results in funds in excess of the amount of the secured claim, then said excess proceeds shall continue to be property of the bankruptcy estate, are not abandoned herein, and shall be turned over to the Trustee by the secured claimant.

IT IS SO ORDERED.

APPROVED FOR ENTRY:

/s/Edward D. Russell
Edward D. Russell, #26126
The SR Law Group
PO Box 128
Mount Juliet, Tennessee 37121
(615) 559-3190
erussell@thesrlawgroup.com

/s/ Robert H. Moyer
Robert H. Moyer
408 Franklin Street
Clarksville, TN 37040
931-221-0010
Fax: 931-221-0112
rhmoyer@bellsouth.net

_____
Henry E. Hildebrand, III
Standing Chapter 13 Trustee
P. O. Box 340019
Nashville, TN 37203-0019
615-244-1101; Fax 615-242-3241
http://www.ch13nsh.com
pleadings@ch13nsh.com

Digitally signed by Henry E Hildebrand, III
DN: CN="Henry E Hildebrand, III", E=aoecf@ch13nsh.com
Reason: I am the author of this document
Location: your signing location here
Date: 2020-05-21 13:14:08
Foxit Reader Version: 9.6.0

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

3

Case 3:20-bk-00818    Doc 46    Filed 05/22/20    Entered 05/22/20 12:39:04    Desc Main
Document      Page 3 of 3